UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MOTOR TANKER SKIPPER BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO PREVIOUSLY LADEN THEREON,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. A. No. 1:26-cv-697 (CJN) |

**GOVERNMENT'S OPPOSITION TO HOGLAN CLAIMANTS' MOTION TO DISMISS**

Most of the arguments in the Hoglans' Motion to Dismiss ("Mot.") have been thoroughly briefed in the Government's Opposition to the Hoglans' Motion to Stay (Dkt. 13), the Government's Motion to Strike (Dkt. 15), and the Reply in Support of the Government's Motion to Strike (Dkt. 25). The Government respectfully stands on those briefs and incorporates their points and arguments. Besides the points in those briefs, only a few additional points deserve mention in response to the Hoglans' motion to dismiss.

First, the Hoglans fault the Government for filing this forfeiture case in this District, arguing that the Government should have filed it in the Southern District of Florida ("SDFL") instead. Similarly, the Hoglans ask (as an alternative to dismissal) that this case be transferred to SDFL. The primary response is obvious: the Government could not have filed this case in SDFL, which also means it would be improper to transfer this case to SDFL. *See* 28 U.S.C. § 1404(a) (court may transfer a case to any other district "where it might have been brought").

More specifically, under 28 U.S.C. § 1355(b)(1)(A), a civil forfeiture case may be filed in any district where any acts giving rise to the forfeiture took place. This statute does not grant venue in SDFL, as none of the acts giving rise to forfeiture of the SKIPPER took place in SDFL. Under 28 U.S.C. § 1395, a civil forfeiture case may also be filed in a district where the defendant *res* is located or arrested. But the SKIPPER is not located in SDFL, and (as the Government briefed at length) the ship was never validly arrested in that District. Thus, like Section 1355, Section 1395 does not grant venue in SDFL.

And even if the Government *could* have filed this case in SDFL (which it could not), it does not follow that the Government did anything improper by filing in this District. A plaintiff may generally choose from permissible districts, and the Government already explained how neither the prior exclusive jurisdiction doctrine nor the first-to-file rule bars this case and the Hoglans' SDFL case from existing concurrently. *See* Dkt. 13 at 8-9. Thus, there is no merit to the Hoglans' argument that this case must be dismissed in favor of the Hoglans' SDFL case.

Regarding the Hoglans' transfer request, the public and private interest factors also would not favor transfer even if the Hoglans could carry their threshold burden of showing that SDFL is a district where this case could have been brought. The Hoglans themselves admit that most of the factors are "neutral." Mot. at 15-16. And contrary to the Hoglans' arguments, none of the remaining factors tip in the Hoglans' favor. Transferring this case to SDFL would not conserve judicial resources by merging two cases into one, since the Hoglans' SDFL case is a moribund, non-adversarial case that has languished on the docket since 2024 with virtually no activity besides the Hoglans' unopposed petitions for arrest warrant. And the Hoglans' argument that transfer is favored "because the SDFL is well-versed in admiralty and forfeiture actions" (Mot. at 15) is clearly incorrect. Admiralty law and forfeiture law are matters of Federal law, and any two

district courts are deemed equally expert to apply them. *City of W. Palm Beach v. United States Army Corps of Eng'rs*, 317 F. Supp. 3d 150, 156 (D.D.C. 2018) (familiarity with the governing law is a neutral factor when the governing law is Federal).

Next, the Hoglans insist that this Court lacks the power to even assess whether the Hoglans acquired a valid interest in the SKIPPER through their SDFL arrest warrant (Mot. at 7-8), making variations on the argument that they previously made in their Motion to Stay Reply (Dkt. 18 at 1-2). This argument is meritless. The Hoglans invoked this Court's jurisdiction by filing a claim, and a civil forfeiture court is not powerless to assess whether a claimant has a valid interest in the defendant property. Indeed, as the Government argued in its Motion to Strike Reply (Dkt. 25 at 2-3), this situation is analogous to the situation where a party wins a judgment in Court A and seeks to enforce it in Court B. In that situation, Court B has the power to assess whether the Court A judgment is valid. The Government cited numerous cases stating this rule, and the Hoglans do not challenge any of those cases.

Nonetheless, after summarizing the Government's argument on this point, the Hoglans state that "this argument is foreclosed by the overriding principle that the remedy for a purportedly erroneous district court decision is an appeal, not filing a new action addressing the same subject matter is [sic] another district." Mot. at 8. For numerous reasons, this rebuttal argument makes no sense. First, the Government was not a party to the Hoglans' SDFL case and thus could not have appealed the grant of the arrest warrant in that case. Second, the grant of the arrest warrant was an interlocutory decision that even a case party could not have appealed. And third, the Government did not file this case to nullify the Hoglans' arrest warrant. Rather, the Government filed this case to forfeit the SKIPPER. It was the Hoglans who injected the SDFL arrest warrant into this case by using it to claim an interest in the SKIPPER. Again, there is no law or logic for

3

the proposition that this Court must passively accept the validity of the warrant or that this Court is helpless to assess whether the warrant granted the Hoglans a valid interest in the SKIPPER.

The two cases that the Hoglans cite in support of their strained argument are clearly inapposite. In *Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78 (D.D.C. 2016), a plaintiff filed suit against a district court, seeking damages allegedly stemming from a prior class action judgment for which she was a putative class member. In rebuffing her challenge, the *Atchison* court noted that she should have appealed the class action judgment if she felt aggrieved by it; filing a new district court action to challenge the judgment was not appropriate. *Id.* at 88. In the Hoglans' other cited case, *Matter of Search of One Digital Device*, 734 F. Supp. 3d 107 (D.D.C. 2024), the Government sought a search warrant from one court, which was denied, and then sought the warrant from another court. The second court faulted the Government for filing a new district court action rather than appealing the warrant denial from the first court. *Id.* at 108. Thus, *Atchison* and *One Digital Device* were both cases where a party improperly filed a new district court case instead of taking an appeal. This case is obviously dissimilar, as the Government could not have appealed the grant of the Hoglans' SDFL arrest warrant and this civil forfeiture case cannot possibly be deemed an end-run around an appeal.

* * * * *

4

For the foregoing reasons, and the reasons set forth in the Government's prior briefs (Dkts. 13, 15, 25), the Hoglans' motion to dismiss should be denied.

Dated:  April 27, 2026
Washington, D.C.

Respectfully Submitted,

Jeanine Ferris Pirro
United States Attorney

By: _____*/s/ Rajbir Datta*_____
        Rajbir Datta
        N.Y Bar 5206073
        Assistant United States Attorney
        National Security Section
        U.S. Attorney's Office, District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20579
        (202) 252-7687
        Rajbir.Datta@usdoj.gov

John Eisenberg
Assistant Attorney General
National Security Division

By:        ___*/s/ Sean Heiden*_____
        Sean Heiden
        D.C. Bar 1617636
        Acting Deputy Chief
        Counterintelligence and Export Control
        National Security Division
        U.S. Department of Justice
        Sean.heiden2@usdoj.gov

Margaret A. Moeser
Chief; Money Laundering, Narcotics and Forfeiture
Section, Criminal Division
U.S. Department of Justice

By:        ___*/s/ Joshua L. Sohn*_____
        Joshua L. Sohn
        Trial Attorney
        Joshua.Sohn@usdoj.gov