# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOTOR TANKER SKIPPER BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO LADEN THEREON,<br><br>Defendant *In Rem*. | Case No. 1:26-cv-00697 (CJN)<br><br>**JOINT MOTION TO INTERVENE AS OF RIGHT BY STEPHANIE HERNANDEZ, ESLYN HERNANDEZ JR., AND ESLYN HERNANDEZ SR.**<br><br>RECEIVED<br>MAILROOM<br>APR 28 2026<br>Angela D. Caesar, Clerk<br>U.S. District & Bankruptcy Courts<br>for the District of Columbia |

## JOINT MOTION TO INTERVENE AS OF RIGHT

Pursuant to **Federal Rule of Civil Procedure 24(a)(2)** and **28 U.S.C. § 1610**, Claimants Stephanie Hernandez, Eslyn Hernandez Jr., and Eslyn Hernandez Sr. (collectively, the "Hernandez Collective"), by and through their *pro se* representative, hereby move this Court for an order granting them leave to intervene in the above-captioned civil forfeiture action.

## I. STATEMENT OF INTEREST

The Hernandez Intervenors are judgment creditors of the **Islamic Republic of Iran** and its agencies/instrumentalities (specifically the **NIOC** and **IRGC**) in the amount of several million dollars. This judgment was entered in the Southern District of New York in *Burnett, et al. v. The Islamic Republic of Iran*, Case No. 1:15-cv-09903 (GBD) (SN). The judgment remains unsatisfied.

**Judgment Registration.** The Hernandez Intervenors' certified terrorism judgments from the Southern District of New York have been duly registered in this District pursuant to 28 U.S.C. § 1963. *See Hernandez v. Islamic Republic of Iran*, No. 1:26-mc-00048 (D.D.C. Apr. 21, 2026). The registration was processed and entered on the same date by the Clerk of this Court, thereby conferring upon this Court the same enforcement powers as if the judgment had been originally rendered here. *See* 28 U.S.C. § 1963 ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.").

## II. ARGUMENT

Intervention as of right under **Rule 24(a)(2)** requires that the intervenor: (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be in a position such that the disposition of the action may impair their ability to protect that interest; and (4) be inadequately represented by the existing parties.

**Timeliness.** This motion is timely. The Government's complaint was filed on February 26, 2026. This motion and accompanying Verified Claim are filed within approximately fifty-five (55) days of that filing. No answer or responsive pleading has been filed, no scheduling order has entered, and no substantive litigation has occurred that would prejudice any party. Moreover, Supplemental Rule G(5) expressly contemplates that claimants may assert interests by filing a verified claim within sixty (60) days of the first date of published notice. Filing within the Rule G(5) window is per se timely for purposes of Rule 24(a)(2) prong one. *See United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007) (intervention timely when filed at the outset before substantial proceedings).

The Hernandez Intervenors meet all criteria. Intervention is fundamentally mandated by **Section 201(a) of the Terrorism Risk Insurance Act (TRIA)**, which dictates that:

*"**Notwithstanding any other provision of law...** in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism... **the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution** in order to satisfy such*

*judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable."* Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002) (emphasis added).

The Government's own civil forfeiture complaint alleges that the defendant property—the M/T Skipper and approximately 1.8 million barrels of crude oil—is traceable to Mohammad Hossein Shamkhani's shipping network and represents the proceeds of Iranian oil sales for the benefit of the IRGC, thereby legally cementing the property as an asset of an agency or instrumentality of a designated State Sponsor of Terrorism.

TRIA establishing an absolute, statutory execution priority for victims of terrorism over competing general claims, **including the Government's own civil forfeiture actions**. *See, e.g., Levin v. Bank of New York*, 2011 WL 812032 (S.D.N.Y. 2011) (TRIA permits terrorism victims to execute against blocked assets irrespective of DOJ forfeiture proceedings). If this Court forfeits the defendant property to the United States without accounting for the Intervenors' congressionally mandated TRIA priority, their ability to recover on their judgments will be permanently impaired.

**The Defendant Property Constitutes "Blocked Assets" Under TRIA.** TRIA § 201(c)(2) defines "blocked assets" as any asset seized or frozen by the United States under sections 202 and 203 of the International Emergency Economic Powers Act (IEEPA) or under the Trading with the Enemy Act (TWEA). The IRGC and NIOC are Specially Designated Global Terrorists (SDGTs) and Specially Designated Nationals (SDNs) designated pursuant to Executive Orders 13382 and 13224, and their property interests are independently blocked by operation of 31 C.F.R. §§ 560.211 and 594.201 regardless of whether the United States elects to proceed via 18 U.S.C. § 981 civil forfeiture. The Government's own complaint alleges the defendant oil cargo is traceable to IRGC-controlled accounts and NIOC oil sales — allegations that simultaneously establish OFAC blocking status. The United States may not, by choosing a § 981 forfeiture vehicle, extinguish the congressionally mandated TRIA execution rights of terrorism judgment creditors. *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010) (TRIA operates independently of the government's forfeiture election); *Hausler v. JPMorgan Chase Bank, N.A.*, 845 F. Supp. 2d 553, 568 (S.D.N.Y. 2012) (assets traceable to blocked Iranian accounts satisfy TRIA's blocked-asset definition).

Respectfully submitted,

Dated: April 27, 2026

**Eslyn Joseph Hernandez Jr.,** *Pro Se*

174 Chestnut Street
Albany, NY 12210
Tel: (917) 579-7925
Email: hernandezeslyn@gmail.com

**Eslyn Hernandez Sr.,** *Pro Se*

167 Foggintown Rd.
Brewster, NY 10509

**Stephanie Hernandez,** *Pro Se*

167 Foggintown Rd.
Brewster, NY 10509