**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:26-CV-00697 |
| Plaintiff, | |
| v. | |
| MOTOR TANKER SKIPPER BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO LADEN THEREON, | |
| Defendant *in rem*, | |

**HOGLAN CLAIMANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS OR TRANSFER**

The Hoglan Claimants, through their attorneys, submit this reply to the Government's

Opposition to their Motion to Dismiss  (ECF No. 30).[1]

**ARGUMENT**

I.      **This Forfeiture Case Should Be Transferred to the Southern District of Florida Where Venue Is Proper and the Court Had Arrested the Skipper Months Before the United States Took Any Action with respect to the Vessel.**

The Government's contention that venue is proper exclusively in this District

misconstrues the applicable venue statutes and ignores the Hoglan Claimants' prior *in rem* arrest

of the Skipper. While the Government asserts venue is improper under 28 U.S.C. §

1355(b)(1)(A), this provision does not preclude venue or transfer where another district has

*already* exercised *in rem* jurisdiction over the defendant *res*. More directly, 28 U.S.C. § 1395(d)

explicitly provides that a proceeding for the forfeiture of a vessel "may be brought in any district

---

[1] In order to avoid further duplication in the record of this proceeding in light of the multiple overlapping motions that have been filed, the Hoglan Claimants respectfully refer the Court to, and incorporate herein by reference, all affidavits and briefs previously filed.

in which the vessel is arrested." The Hoglan Claimants filed their *in rem* admiralty action in the United States District Court for the Southern District of Florida ("SDFL") in April 2024—more than eighteen months before the Government obtained its warrant and then seized the Skipper. Upon review and consideration of more than seventy pages of supporting materials filed by the Hoglan Claimants, SDFL Judge Becerra issued a valid arrest warrant on September 12, 2025, constructively arresting the vessel by taking possession of its Cargo Sample Canister. Because the vessel was arrested pursuant to SDFL process, venue squarely and properly lies in that District under Section 1395(d).

The Government's attempt to defeat venue in the SDFL rests on its recycled arguments that the Skipper "is not located" there and was "never validly arrested." However, these are exactly the same arguments the Government advanced and the Hoglan Claimants refuted in prior briefing.[2] More importantly, the Government ignores the reality of the Skipper's circumstances: it is a stateless rogue vessel engaged in illicit shipping activity that violates U.S. sanctions. Every action taken by the vessel violates the most fundamental precepts of international maritime law. Consequently, it is entitled to zero protection, and it has waived any right to demand physical arrest of the entire vessel within SDFL. *See United States v. Moreno-Morillo*, 334 F.3d 819, 828 (9th Cir. 2003). The Southern District of Florida properly relied on the long-established doctrine of symbolic arrest to establish *in rem* jurisdiction over the Skipper. *See Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1286 (11th Cir. 2017).

---

[2] *See* Hoglan Claimants Reply to the Government's Opposition to their Motion to Stay March 16, 2026 Order (DDC ECF No. 18 at 4-11; Hoglan Claimants' Opposition to Government's Motion to Strike their Claim for Lack of Standing (DDC ECF No. 18 at 3-10; Hoglan Claimants' Motion to Dismiss and/or Transfer (DDC EF No. 26 at 6-16).

The Government ignores that by symbolically arresting the Cargo Sample Canister, the vessel is considered arrested in the SDFL. The Government cannot evade the plain text of § 1395(d) by seizing the vessel offshore and then filing this *in rem* forfeiture proceeding after receiving actual notice of the SDFL warrant.  Nor can it simply wave away a coordinate district court's valid arrest order to avoid its venue.

Similarly, the Government's reliance on *City of West Palm Beach v. United States Army Corps of Eng'rs*, 317 F. Supp. 3d 150 (D.D.C. 2018) is unavailing.  While technically true that both this Court and the SDFL would be applying federal law, the Government ignores the *second* half of the *West Palm Beach* public interest factor: "the pendency of related actions in [the transferee] forum."  317 F. Supp. 3d at 156.  The Hoglan Claimants already have an active *in rem* proceeding involving the exact same vessel pending in the SDFL. Judicial economy overwhelmingly favors the forum where the *res* is already subject to active litigation.

Because the Southern District of Florida is a proper venue, this action "might have been brought" there within the meaning of the federal transfer statute, strongly favoring transfer under 28 U.S.C. § 1404(a). The Government knew that the SDFL had already asserted *in rem* jurisdiction over the Skipper and had issued an arrest warrant months before the Government sought its own warrants. Yet, the Government chose to file its forfeiture complaint in this Court to collaterally attack the SDFL's orders. Transferring this case to the Southern District of Florida is not only permissible under § 1404(a), but is necessary in the interest of justice to respect the prior exclusive jurisdiction doctrine, preserve principles of comity, conserve judicial resources, and resolve competing claims to the same *res*.

**II.    The Government Cannot Collaterally Attack the Southern District of Florida's Prior Exercise of *In Rem* Jurisdiction.**

The Government cannot collaterally attack the SDFL's exercise of jurisdiction. The Government argues that because it was not a party to the SDFL action and could not appeal the arrest warrant, it is entitled to ask this Court to review and invalidate a sister court's jurisdictional order. When a non-party claims an interest in a *res* already subject to the active jurisdiction of a federal court, the proper remedy is to intervene in the first-filed action under Federal Rule of Civil Procedure 24—not to initiate a competing action in an entirely different district.  If the Government had proceeded properly by intervening in SDFL, it then would, of course, have been entitled to appeal that court's arrest of the vessel.  The Government cannot manufacture a right to horizontal review by bypassing the forum that first exercised jurisdiction over the Skipper.

Furthermore, the Government's effort to distinguish *Atchison* and *One Digital Device* misses the mark. The Government insists these cases only apply when a party improperly files a new action instead of taking an *available* appeal. But the Government's reading ignores the foundational jurisdictional principle at the heart of both decisions: "it is axiomatic that a district court lacks subject matter jurisdiction to review the decisions of other district court[s]." *Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 88 (D.D.C. 2016) (*internal quotation marks omitted*). In *One Digital Device*, the court did not merely slap the Government's wrist for failing to appeal; it forcefully condemned the Government's attempt to seek a "more favorable outcome from a judge of coordinate jurisdiction," describing the maneuver as "conduct which abuses the judicial process." *Matter of Search of One Digital Device*, 734 F. Supp. 3d 107, 108–10 (D.D.C. 2024). The rule against collateral review is an absolute jurisdictional bar, not a mere procedural preference that disappears because the Government failed to formally intervene in the proper forum.

Finally, the Government is effectively seeking, despite arguing to the contrary, to "nullify" the SDFL arrest warrant.  The Government's entire opposition hinges on explicitly asking this Court to declare the SDFL warrant is invalid and to find that SDFL Judge Becerra lacked the jurisdiction she affirmatively exercised.

The Government's analogy to a court "testing" the validity of a foreign money judgment is deeply flawed.  An *in rem* arrest warrant is not a dormant, registerable money judgment, but rather a coordinate court's active, ongoing exercise of exclusive jurisdiction over a specific *res*. By asking this Court to reject the Hoglan Claimants motion to transfer its forfeiture case to the SDFL and to conduct a forfeiture sale in this Court, the Government undeniably seeks to use the Court to nullify Judge Becerra's prior exercise of *in rem* jurisdiction.

For these reasons, and those that the Hoglan Claimants have set forth in their previous briefs, this Court should reject the Government's invitation to act as an appellate tribunal to overrule the orders of a coordinate district court.

## CONCLUSION

The Hoglan Claimants' Motion to Dismiss or, in the Alternative, Transfer this action should be granted.

Dated:  May 4, 2026

Respectfully submitted,

MITCHELL ALLYN, LTD.

 /s/ Douglass A. Mitchell
Douglass A. Mitchell
DDC Bar No. WI0029
Mitchell Allyn, Ltd.
1000 N. Green Valley Pkwy
Suite 440-575
Henderson, Nevada 89074
Phone: 702-350-1208
*Attorneys for the Hoglan Claimants*

5