UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 1:26-cv-697 (CJN) |
| | ) | |
| MOTOR TANKER SKIPPER BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO PREVIOUSLY LADEN THEREON, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION TO STRIKE JUDGMENT CREDITORS OF IRAN**

The United States of America moves to strike the claims of the Hernandez victims and "Iranian Terror Victims" for lack of standing pursuant to Supplemental Rule G(8)(c)(i)(B). *See* Dkts. 32, 34.

On April 28, 2026, three members of the "Hernandez" family filed a *pro se* claim in this case, alleging that they hold a money judgment against Iran stemming from the September 11 attacks. They accompanied their claim with a motion to intervene and other assorted papers. *See* Dkts. 32 through 32-6. On May 1, 2026, another claim was filed by other judgment creditors of Iran, who hold money judgments based on various Iranian terror activities over the past decades ("Iranian Terror Victims"). *See* Dkt. 34. Neither the claims by the Hernandez family nor the Iranian Terror Victims allege any lien or other secured interest in this case's Defendants-In-Rem—*i.e.,* the Motor Tanker SKIPPER and its oil cargo. Rather, it appears from the face of the claims that these claimants are just general unsecured judgment creditors against Iran, who wish to use the SKIPPER and/or its cargo to partially satisfy their money judgments.

Pursuant to Supplemental Rule G(8)(c)(i)(B), the Government respectfully moves to strike the claims of the Hernandez family and the Iranian Terror Victims. Because these claimants are general unsecured judgment creditors against Iran, they would lack standing to participate in a forfeiture case even over assets owned by Iran. *See United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 205, 212 (D.D.C. 2011) ("[t]he federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property."); *accord United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1191 (D.C. Cir. 1995) ("a general creditor can never have an interest in specific forfeited property."). It follows *a fortiori* that they lack standing to participate in this forfeiture case over assets that are not even allegedly owned by Iran but merely afford their owners a source of influence over Iran. *See generally* Complaint (Dkt. 1).

To be sure, both the Hernandez claim and the Iranian Terror Victim claim invoke the Terrorism Risk Insurance Act ("TRIA"), which states:

> Notwithstanding any other provision of law . . . in every case in which a person has obtained a judgment against a terrorist party . . . the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Pub. L. No. 107-297, § 201(a) (2002). But as multiple courts have found, TRIA does not displace the rule that a civil forfeiture claimant must have a secured interest in the specific Defendant *res* in order to have standing to participate in a civil forfeiture case over that *res*. Put differently, TRIA does not change the rule that general unsecured judgment creditors lack standing to participate in a civil forfeiture case over assets linked to their debtors. *See, e.g., United States v. Fifty-Three Virtual Currency Accts.*, No. CV 20-2227 (RC), 2025 WL 2732705, at *4 (D.D.C. Sept. 25, 2025) ("the Weinstock Claimants assert a right to the Defendant Properties based solely on its unsatisfied

2019 Florida judgment against Hamas. However, this claim amounts only to a general unsecured interest, not a specific ownership or lien against the Defendant Properties. No lien was perfected against the Defendant Properties") (internal citations omitted); *United States v. Sun*, No. 21-CR-343 (SHS), 2025 WL 1591868, at *3 (S.D.N.Y. June 5, 2025) ("Petitioners' theory—that 'TRIA § 201(a) provides them a specific and particularized interest in these funds'—is unfounded. TRIA allows petitioners to attach their judgment to property of certain designated parties; but absent execution or attachment, it does not confer an interest.") (internal citation omitted). The Government also refers the Court to *United States v. Gutierrez-Ochoa*, No. CR 25-035 (BAH), 2026 WL 1157964, at *16 (D.D.C. Apr. 29, 2026), where a court struck the same *Sun* claimants on merits rather than standing grounds but agreed with the *Sun* court that TRIA "does not confer an interest" on judgment-creditors of terrorist parties but merely "provides a vehicle for the attachment of assets possessed by [terrorist] parties in aid of execution of a judgment."

* * * * *

3

Here, there is no allegation that either the Hernandez family or the Iranian Terror Victims have attached the SKIPPER or executed their judgments against the SKIPPER. The same is true for the SKIPPER's cargo. Thus, the Hernandez family and the Iranian Terror Victims are simply general unsecured judgment creditors and lack standing to participate in this case. Each of their claims, (Dkts 32, 34), should be struck and the Hernandez family's motion to intervene should be denied.

Dated: May 13, 2026
       Washington, D.C.

Respectfully Submitted,

Jeanine Ferris Pirro
United States Attorney

By: _____ */s/ Rajbir Datta*_____
      Rajbir Datta
      N.Y Bar 5206073
      Assistant United States Attorney
      National Security Section
      U.S. Attorney's Office
      District of Columbia
      601 D Street, N.W.
      Washington, D.C. 20579
      (202) 252-7687
      Rajbir.Datta@usdoj.gov

John Eisenberg
Assistant Attorney General
National Security Division

By:      */s/ Sean Heiden*_____
      Sean Heiden
      D.C. Bar 1617636
      Acting Deputy Chief
      Counterintelligence and Export Control
      National Security Division
      U.S. Department of Justice
      Sean.heiden2@usdoj.gov

Margaret A. Moeser
Chief
Money Laundering, Narcotics and Forfeiture
Section, Criminal Division
U.S. Department of Justice

By:    /s/ *Joshua L. Sohn*
          Joshua L. Sohn
          Trial Attorney

5