**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o U.S. Attorney's Office<br>601 D Street, NW<br>Washington, DC 20530<br><br>          Plaintiff,<br><br>   v.<br>MOTOR TANKER SKIPPER<br>BEARING INTERNATIONAL<br>MARITIME NUMBER 9304667, AND<br>THE OIL CARGO LADEN<br>THEREON,<br>          Defendant *in rem*. | Civil Action No. 1:26-CV-00697 (CJN) |

**THE IRANIAN TERRORISM VICTIMS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE UNITED STATES' MOTION TO STRIKE**

The Iranian Terrorism Victims submit this memorandum of points and authorities in opposition to the Government's motion to strike the Iranian Terrorism Victims' verified claims (ECF No. 38). For the reasons set forth below, the Government's motion should be denied.

**BACKGROUND**

The Iranian Terrorism Victims are individuals who are direct victims, or the surviving family members of victims, of Iranian-sponsored terrorism, or the estates thereof. Each of the Iranian Terrorism Victims holds, or represents an estate that holds, an enforceable judgment against the Islamic Republic of Iran ("Iran"). The Iranian Terrorism Victims have spent years—some have spent decades—awaiting the ability to enforce the judgments they were awarded, but opportunities to do so are few and far between. Despite their continued efforts, the Iranian Terrorism Victims' judgments remain unsatisfied and the victims have been unable to recover those judgment amounts as compensation for their suffering. And, of course, Iran has not indicated any willingness to honor the judgments awarded against it.

To enforce their judgments, the Iranian Terrorism Victims filed verified claims in this forfeiture action (ECF No. 34). Now, the Government has moved to strike their claims, arguing the victims are "unsecured judgment creditors" who "lack standing to participate in a civil forfeiture case over assets linked to their debtors." ECF No. 38 at 2. The Government's argument is wrong, and its motion should be denied.

## ARGUMENT

One of the few options available to the Iranian Terrorism Victims to enforce their judgments is Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified as a note to a section of the Foreign Sovereign Immunities Act of 1976 ("FSIA"). Pub. L. No. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (2002), codified at 28 U.S.C. § 1610 note. TRIA gives the Iranian Terrorism Victims broad rights to enforce their judgments using any "blocked assets of [a] terrorist party." TRIA § 201(a). Blocked assets are assets that have "been seized or frozen by the United States under section 5(b) of [TWEA] or under sections 202 and 203 of [IEEPA]." TRIA § 201(d)(2)(A). As relevant here, TRIA is not limited only to blocked assets belonging to the terrorist party itself, but includes blocked assets belonging to any of its agencies or instrumentalities. TRIA § 201(a). While TRIA itself does not define "agency or instrumentality," courts have interpreted this phrase expansively and found it is broader than where included elsewhere in the FSIA.[1] The M/T Skipper and its cargo are a "blocked asset of [a] terrorist party"

---

[1] The Second and Eleventh Circuits have addressed the issue of what constitutes an agency or instrumentality for purposes of TRIA and courts in this district have relied on those determinations. *See United States v. Cristian Fernando Gutierrez-Ochoa*, 2026 WL 1157964, at *8 (D.D.C. Apr. 29, 2026). "'[A]n entity can be an agency or instrumentality of a terrorist party for TRIA purposes in three ways: the entity (1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, *or* (3) was owned, controlled, or directed by the terrorist party.'" *Id.* (quoting *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 199 (2d Cir. 2019)) (emphasis in original); *see also Stansell v. Revolutionary Armed Forces of Colom. (Farc)*, 2019 WL 4040680, at *3-4 (D.D.C. Aug. 26, 2019) (adopting the Eleventh Circuit's similar definition).

or its agencies or instrumentalities that has been seized by the United States. TRIA § 201(a), § 201(d)(2)(A), and therefore the Iranian Terrorism Victims have standing to enforce their judgments against that asset.[2]

The Government, however, argues that "TRIA does not displace the rule that a civil forfeiture claimant must have a secured interest in the specific Defendant *res* in order to have standing to participate in a civil forfeiture case over that *res*." ECF No. 38 at 2. The Government focuses its argument on three district court decisions, but ignores the dispositive D.C. Circuit Court opinion on the issue.

The Government cites: *United States v. Fifty-Three Virtual Currency Accounts*, No. 20-CV-2227 (RC), 2025 WL 2732705, at *4 (D.D.C. Sept. 25, 2025); *United States v. Sun*, No. 21-CR-343 (SHS), 2025 WL 1591868, at *3 (S.D.N.Y. June 5, 2025), for the proposition that terrorism judgment creditors are mere "unsecured creditors" who lack standing to participate in civil forfeiture proceedings. ECF No. 38 at 2. The Government, however, fails to mention—much less cite—the D.C. Circuit's decision in *Est. of Levin v. Wells Fargo Bank, N.A.* ("*Levin II*"), which is controlling authority in this Court and establishes that TRIA prevails over the civil forfeiture statute when the two conflict. 156 F.4th 632, 643 n.1 (D.C. Cir. 2025) ("[I]f TRIA specifically allows attachments that the civil-forfeiture statute specifically prohibits, TRIA prevails."). As set

---

[2] The Government's motion states that "[b]ecause these claimants are general unsecured judgment creditors against Iran, they would lack standing to participate in a forfeiture case even over assets owned by Iran" and that "[i]t follows *a fortiori* that they lack standing to participate in this forfeiture case over assets that are not even allegedly owned by Iran but merely afford their owners a source of influence over Iran." ECF No. 38 at 2. Not only have the Iranian Terrorism Victims alleged that the Defendant Property is owned by an agency or instrumentality of Iran, *see generally* verified claims, ¶¶ 14-26, 30, ECF No. 34, the Government itself has taken the position that the subject property is a member of Iran's "ghost fleet" of tankers used to transport sanctioned Iranian oil for the benefit of the Islamic Revolutionary Guard Corp and its Quds Force. Gov't's Complaint, ¶ 49, ECF No. 1. Despite its passing *a fortiori* comment, the Government unsurprisingly does not dispute any of this in it motion.

forth below, the Iranian Terrorism Victims have both constitutional and statutory standing to assert and *enforce* their verified claims.

## I.  THE IRANIAN TERRORISM VICTIMS HAVE STANDING TO ASSERT CLAIMS IN THIS FORFEITURE ACTION

"When the government moves to strike a claim for lack of standing, a claimant has the burden to establish standing by a preponderance of the evidence." *United States v. Seventeen Thousand Nine Hundred Dollars ($17,900.00) in U.S. Currency*, 859 F.3d 1085, 1089 (D.C. Cir. 2017). "To prevail, 'a claimant must meet both Article III and statutory standing requirements.'" *Id.* (quoting *United States v. $487,825 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007)). To satisfy Article III standing, claimants must show "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United States v. All Assets Held in Account Number XXXXXXXX*, 471 F. Supp. 3d 192, 199 (D.D.C. 2020). "For the statutory standing requirement, a claimant must have 'assert[ed] [their] interest in the property in the manner set forth in the Supplemental Rules.'" *United States v. Fifty-Three Virtual Currency Accounts*, 2024 WL 4827321, at *7 (D.D.C. Nov. 19, 2024) (quoting *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 228 F. Supp. 3d 118, 122 (D.D.C. 2017)). The statutory standing requirement permits intervention in a civil forfeiture suit by "any person claiming an interest in the seized property" who "file[s] a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules." 18 U.S.C. § 983(a)(4)(A). Supplemental Rule C requires a claimant to file a "verified statement of right or interest" that "must describe the interest in the property that supports the person's demand for its restitution or right to defend the action." Fed. R. Civ. P. Supp. R. C(6)(a)(i)-(ii). Supplemental Rule G says that a claimant contesting the United

States' forfeiture must file a claim that "state[s] the claimant's interest in the property." Fed. R. Civ. P. Supp. R. G(5)(a)(i)(B). The Iranian Terrorism Victims easily meet this standard.

### A.    Constitutional Standing is Satisfied

The Iranian Terrorism Victims have Article III standing. The D.C. Circuit has made plain that "[t]he requirements for a [claimant] to demonstrate constitutional standing to challenge a forfeiture are very forgiving." *$17,900.00 in U.S. Currency*, 859 F.3d at 1089-90 (quoting *United States v. Emor*, 785 F.3d 671, 676 (D.C. Cir. 2015)). Consistent with this forgiving standard, "[a]t the pleading stage, a claimant need only *allege* a colorable interest in the property." *$17,900.00 in U.S. Currency*, 859 F.3d at 1090 (emphasis in original); *see also Emor*, 785 F.3d at 676 ("In general, any colorable claim on the property suffices, if the claim of injury is redressable, at least in part, by a return of the property.") (citation and quotation marks omitted). The Iranian Terrorism Victims have done this here.

To have a claim under TRIA, the Iranian Terrorism Victims "must show (1) that they 'obtained a judgment against a terrorist party on a claim based upon an act of terrorism' … (2) that the assets targeted for attachment are 'blocked' … and (3) that the targeted assets are owned by either the terrorist party against which judgment was obtained or by 'any agency or instrumentality of that terrorist party.'" *Warmbier, et al v. Democratic People's Republic of Korea*, --- F. Supp. 3d ---, 2026 WL 1393272, at *5 (D.D.C. Apr. 30, 2026) (citations omitted).

TRIA thus provides the Iranian Terrorism Victims with a colorable claim because each of the requisite elements is satisfied. The Iranian Terrorism Victims hold judgments against Iran—a designated state sponsor of terrorism—based upon acts of terrorism. Further, the Defendant Property qualifies as a "blocked asset" within the meaning of TRIA § 201(d)(2)(A). The Defendant Property is "frozen," and therefore "blocked," because it is "subject to a significant restriction" as it "may do nothing but sit." *Levin II*, 156 F.4th at 638–39. The Defendant Property, seized pursuant

to this civil forfeiture action and subject to OFAC blocking, satisfies this standard. Finally, the Defendant Property is the property of an agency or instrumentality of Iran because its owner provided material services to, on behalf of, or in support of Iran or was owned, controlled, or directed by Iran. *See Gutierrez-Ochoa*, 2026 WL 1157964 at *8 (explaining the definition of "agency or instrumentality").

Having satisfied TRIA's requirements, the Iranian Terrorism Victims asserted a "colorable claim" to a legal interest in the Defendant Property, even without a separately perfected lien against it. And each of the three Article III standing requirements to assert their claim is satisfied here.

*First*, as to injury-in-fact, the Iranian Terrorism Victims hold unsatisfied judgments against Iran. The Government's forfeiture of the Defendant Property would deprive them of assets against which TRIA entitles them to execute, which is a concrete, particularized financial injury that is "more than intellectual, psychological, or ideological." *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 617 (7th Cir. 2015).

*Second*, as to traceability, that injury is directly traceable to the Government's seeking forfeiture of the Defendant Property for itself. The harm caused by the Government's forfeiture of the Defendant Property without the Iranian Terrorism Victims being able to assert their claims is a direct consequence of the Government's conduct.

*Third*, as to redressability, a favorable ruling here would permit the Iranian Terrorism Victims to execute their judgments, at least in part, against the Defendant Property. See *id*. ("[A] favorable federal court decision would afford Appellees the long-awaited opportunity to commence satisfaction (however partial) of their judgment[.]").

### B.    TRIA's "Notwithstanding" Clause Satisfies Statutory Standing

The Iranian Terrorism Victims also possess statutory standing under TRIA. Section 201(a) of TRIA provides that:

> Notwithstanding any other provision of law, . . . in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, . . . the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment.

TRIA § 201(a). TRIA's "notwithstanding any other provision of law" language "clearly requires courts to disregard other statutory provisions that conflict with the scope of the TRIA." *Levin II*, 156 F.4th at 643 n.1 (quoting *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023)).

### 1. *TRIA preempts conflicting law according to D.C. Circuit Caselaw*

According to the D.C. Circuit, "[i]f TRIA specifically allows attachments that the civil-forfeiture statute specifically prohibits, TRIA prevails." *Id.* In *Levin II*, the claimants did not perfect a lien against assets prior to their seizure (the argument the Government makes here now) and nonetheless, the D.C. Circuit reversed the decision of the district court that previously had quashed the Levins' writs of attachment. *Levin II*, 156 F.4th at 635–638. The Seventh Circuit is in accord: "[f]orfeiture's standing requirements cannot overcome TRIA's sweeping mechanism for recovery." *R.J. O'Brien*, 783 F.3d at 621.

In *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, the Seventh Circuit found that the TRIA claimants had both constitutional and statutory standing to execute their terrorism judgment based upon their judgment alone. *R.J. O'Brien*, 783 F.3d at 621 ("Forfeiture's standing requirements cannot overcome TRIA's sweeping mechanism for recovery."). Moreover, unlike the final judgments of the Iranian Terrorism Victims, the claimants in *R.J. O'Brien* had only obtained an order of default, and the extent of their damages was uncertain. *See U.S. v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 892 F. Supp. 2d 1038, 1049 (N.D. Ill. 2012). Nonetheless, the district court permitted those claimants to enforce their non-final judgment. *Id*. In doing so, the court explained that the claimants in that case had constitutional standing because they:

7

> had obtained an order of default . . . [and] . . . if the government were able to forfeit the defendant funds, claimants would have lost the ability to execute on the funds . . . [t]he lost ability to satisfy the default the claimants had already obtained and the judgment they have now is an injury sufficient to convey standing[.]

*See id.* at 1049. The D.C. Circuit's holding in *Levin II* is consistent with the Seventh Circuit's recognition of "the potent power of a 'notwithstanding' clause." 783 F.3d at 621.

Moreover, unlike other statutes "[w]here a notwithstanding" clause is cabined by terms limiting its scope … [i]n TRIA, there are no terms that limit this clause's scope." *Id.* When the Government commences a forfeiture action against blocked assets, "it is impossible for qualified albeit unrelated victims of terror . . . to comply with civil forfeiture's innocent owner requirement and, at the same time, execute against the blocked funds." *Id.* at 620. This conflict requires the civil forfeiture standing provisions, including "the innocent owner provision to yield in the face of TRIA's broad 'notwithstanding' clause." *Id.*; *see also R.J. O'Brien*, 892 F. Supp. 2d at 1051-52 ("To the extent that the civil forfeiture statute prevents claimants from executing as they are entitled to do under the TRIA, the TRIA's provisions supersede the civil forfeiture statute. Accordingly, plaintiffs have statutory standing."). Accordingly, the Iranian Terrorism Victims have standing under TRIA.

### 2. The Government's Cited Authorities Are Distinguishable or No Longer Good Law

The Government relies on the decision in *Fifty-Three Virtual Currency Accounts*, in which the court struck terrorism judgment creditors' claims on September 25, 2025. ECF No. 38 at 2; *see also United States v. Fifty-Three Virtual Currency Accts.*, 2025 WL 2732705, at *4 (D.D.C. Sept. 25, 2025). But that decision was issued just one day before *Levin II* upended entirely the reasoning on which that decision rested. And because its reasoning cannot be reconciled with the D.C. Circuit's holding that TRIA prevails over civil forfeiture when the two conflict, the claimants in that case have moved for reconsideration in light of *Levin II*, and their motion remains pending.

*See* Mot. for Reconsideration, *United States v. Fifty-Three Virtual Currency Accounts,* 1:20-cv-02227 (D.D.C. Oct. 24, 2025), ECF No. 99. This Court should decline to follow it.

*United States v. Sun, the decision of an out-of-circuit district court with no binding or even* persuasive force in this Court, is equally unavailing. *United States v. Sun*, 2025 WL 1591868 (S.D.N.Y. June 5, 2025). Moreover, even if *Sun* were persuasive, a decisive factor was that it involved a criminal forfeiture proceeding governed by 21 U.S.C. § 853, under which title to the forfeited property vested in the United States at the time of the offense pursuant to the relation-back doctrine. *Id.* at *3. In this case, no such criminal forfeiture statute is at issue.

*United States v. Gutierrez-Ochoa* also does not support the Government's argument. Indeed, there the court actually found that the claimants had both constitutional and statutory standing under TRIA. *See generally* 2026 WL 1157964, at *7 n.4 (D.D.C. Apr. 29, 2026) ("Indeed, petitioners have met this third prerequisite for constitutional standing, since attachment of the Forfeited Assets 'would redress Petitioner Victims['] multi-billion dollar losses sustained' … and should the government take clear title to the Forfeited Assets, this conduct would result in harm to the American Victims through '[t]he deprivation of access" to those same assets.'") (citations omitted). Ultimately, the court dismissed the case, not on standing grounds, but on the merits because (1) the assets were subject to the criminal forfeiture relation-back doctrine under 21 U.S.C. § 853(c), which vested title in the United States at the time of the offense conduct, and (2) the forfeited assets had never been "blocked" within the meaning of TRIA prior to the defendant's arrest. *Id.* at *11-13. No such automatic vesting pursuant to criminal forfeiture statutes applies in this civil forfeiture action and the Defendant Property here is unambiguously "blocked" within TRIA's definition.

In sum, each of the Government's cited authorities either fails to account for changes in the law or is factually and legally distinguishable from this case. None supports striking the Iranian Terrorism Victims' claims and the Government's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Iranian Terrorism Victims respectfully request that the Court deny the Government's motion to strike their verified claims.

Dated: May 27, 2026                    Respectfully submitted,

*/s/Aryeh S. Portnoy*

Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Michael Williams, D.C. Bar No. 90006255

CROWELL & MORING LLP
600 Fifth Street NW
Washington, DC 20001
(202) 624-2500

Joshua S. Sohn, (*pro hac vice* pending)

CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*Attorneys for Claimants*