**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-v-<br><br>MOTOR TANKER *SKIPPER* BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO PREVIOUSLY LADEN THEREON,<br><br>Defendant. | Civil Action No. 1:26-cv-00697 (CJN) |

**ORDER DIRECTING MEDIATION**

The Court heard argument on the pending motions on July 2, 2026.  On July 28, 2026, upon consideration of the parties' joint status report, the Court ordered the parties to appear for a virtual conference.  The Court held that conference on August 3, 2026, and directed the parties to update the Court regarding mediation, to submit a proposal regarding filings, and to communicate with the movants, all by August 10, 2026.  On August 10, 2026, the parties requested an extension to update the Court until August 12, 2026.

Each party has agreed to participate in mediation.  To give that process the best chance of success while preserving the Court's role as the decisionmaker on the pending motions, the Court enters the following Order.

1.  **Referral to Mediation.**  The parties shall participate in good-faith mediation of this action.  Participation, not settlement, is what this Order requires.  Nothing in this Order compels any party to accept any settlement term.

2.  **Private Mediator.**  The parties shall mediate before a private mediator of their joint selection.  The mediation shall not proceed before a Magistrate Judge or through the Court's mediation program under Local Civil Rule 84.

3.  **Selection.**  The parties provided the Court with a list of five proposed mediators and were ordered to contact the mediators to assess availability and terms of engagement and report to the Court on the status of that selection by August 10, 2026.  The parties have completed the section process and have selected Robert C. O'Brien.  Accordingly, the Court approves the parties' selection of Robert C. O'Brien as mediator.

4. **Retention.**  The mediator is retained by the parties, not the Court.  The mediator does not act as an agent of the Court, serves at the parties' direction, and may not be called as a witness in this or any other proceeding.  Communications with the mediator are mediation communications, not judicial proceedings.

5. **Confidentiality.**

   (a) *Protected status.*  All mediation communications are confidential and shall be treated as material subject to this order.  "Mediation communication" means any statement, document, or other information, whether oral, written, or electronic, made, prepared, or exchanged for the mediation, including settlement proposals, mediation statements and briefs, position papers, offers, demands, and all communications with the mediator or among the participants for purposes of the mediation.

   (b) *Non-use for any purpose.*  No mediation communication may be used for any purpose in this or any other proceeding, whether judicial, administrative, arbitral, or otherwise, in any jurisdiction, foreign or domestic.  This bar applies to use as evidence, in discovery, for impeachment or cross-examination, or in any motion or filing.  The only exceptions are use to enforce a settlement reached in the mediation, use required by law, and use to which every participant agrees in writing.

   (c) *No filing; sealing.*  No mediation communication shall be filed with or disclosed to the Court.  If a participant contends that a mediation communication must be placed before the Court, the participant shall move to file under seal under Local Civil Rule 5.1(h), and the material shall remain sealed unless and until the Court orders otherwise.

   (d) *Mediator disclosure.*  The mediator shall not disclose any mediation communication, or any participant's position, to anyone outside the mediation, and shall not disclose any participant's position to another participant without express authorization.

   (e) *Return or destruction.*  Within 14 days after the mediation concludes, each participant shall return or destroy all mediation communications received from another participant, except that counsel may retain their own work product and the mediator may retain records necessary for conflicts purposes.  Return or destruction does not lift the protections of this paragraph, which survive the conclusion of the mediation and the termination of this action.

6. **Non-Waiver of Privilege and Work Product.**  Under Federal Rule of Evidence 502(d), the disclosure of any information in or for the mediation, whether to the mediator or to another participant, does not waive the attorney-client privilege, the work-product protection, the common-interest or joint-defense privilege, or any other applicable privilege or protection, in this proceeding or in any other federal or state proceeding.  No such disclosure operates as a subject-matter waiver under Rule 502(a).  A participant may request the return of privileged or protected material disclosed in the mediation; upon request, each recipient shall promptly return or destroy the material and all copies, shall

2

make no use of it, and shall not assert that the disclosure effected a waiver.  This paragraph is entered under Rule 502(d) and is intended to be enforceable to the full extent that rule allows.

7. **Participants Bound.**  This Order binds every participant in the mediation, including each party, any movant or other person who participates, their counsel, and the mediator.  Before the first session, each participant shall sign an agreement to mediate that incorporates the confidentiality and non-waiver protections of this Order.  The protections of Paragraphs 5 and 6 apply to every participant and, to the extent Federal Rule of Evidence 502(d) allows, bind non-participants in any other federal or state proceeding.

8. **Reporting to the Court.**  The mediator may report to the Court only on the status of the process: whether sessions occurred, who attended, whether further sessions are scheduled, whether mediation should continue, and whether the participants reached a settlement.  The mediator shall not report, and the Court will not receive, any settlement position, offer, or demand; any factual admission; any assessment of the merits or of any participant's strengths or weaknesses; or any recommendation on the merits.  Any status report permitted by this paragraph is not a mediation communication, but shall contain none of the information this Order makes confidential.

9. **No *Ex Parte* Communications on the Merits.**  Neither the mediator nor any participant shall communicate *ex parte* with the Court concerning the merits of this action, litigation strategy, factual or legal issues, settlement positions, or any matter that could bear on the pending motions.  No chambers or Court personnel involved in deciding the pending motions shall receive any mediation communication.

10. **Costs.**  The participants shall share the mediator's fees and expenses equally unless they agree otherwise in writing.  Each party shall bear its own attorney's fees and costs.

11. **Status Report.**  The parties shall shall file a joint report stating only whether the matter has settled and, if not, whether further mediation proceedings are scheduled, no later than September 25, 2026.

12. **Settlement.**  If the parties settle, they shall promptly notify the Court and file the appropriate dismissal papers.  The parties need not file confidential settlement terms unless the Court's approval of those terms is required or the law otherwise requires filing.

13. **Retention of Jurisdiction; Enforcement.**  The Court retains jurisdiction to enforce this Order, including the non-use and confidentiality provisions of Paragraph 5 and the non-waiver provisions of Paragraph 6, and these provisions survive the settlement or dismissal of this action.  Any participant may apply to the Court for relief if another participant uses a mediation communication in violation of this Order or otherwise breaches it.  Upon a finding of violation, the Court may order any relief within its authority, including striking or excluding the improperly used material, ordering its return or destruction, and/or imposing sanctions.

3

**SO ORDERED.**

Dated: August 13, 2026

CARL J. NICHOLS
United States District Judge