**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,
c/o U.S. Attorney's Office
601 D Street, NW
Washington, DC 20530

Plaintiff,

v.

MOTOR TANKER SKIPPER BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO LADEN THEREON,

Defendant *in rem*.

Civil Action No. 1:26-CV-00697 (CJN)

**THE IRANIAN TERRORISM VICTIMS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Iranian Terrorism Victims respectfully submit this notice of supplemental authority in connection with the Government's motion to strike the Iranian Terrorism Victims' verified claims (ECF No. 38) and the opposition thereto (ECF No. 44).

On September 4, 2026, Judge Friedman of this District denied the Government's motion to strike terrorism victims' verified claims in a virtually identical civil forfeiture of Iranian-linked oil cargo. *See United States v. All Petroleum-Product Cargo Aboard Achilleas with International Maritime Organization Number 9398072*, --- F. Supp. 3d ---, 2026 WL 2618380 (D.D.C. Sep. 4, 2026), attached as Exhibit A. The court concluded that the claimants had both constitutional and statutory standing and denied the United States' motion to strike their claims. As to constitutional standing, the court held that:

> Section 201(a) of the TRIA provides the [claimants] with a colorable claim to the Defendant Property … [t]hat claim would be extinguished by a final order forfeiting the Defendant Property to the United States, and the Claimants' harm is redressable by an order awarding them a portion of the property.

*Id.* at *6. As to statutory standing, the court held that TRIA's "notwithstanding" clause displaces the civil forfeiture statute's specific-interest requirement: "The requirements of the civil forfeiture

statute are precisely the sort of 'execution-specific barriers standing between' the [claimants] and the Defendant Property that the TRIA's notwithstanding clause 'clears away.'" *Id.* at *8 (quoting *Doe v. Taliban*, 101 F.4th 1, 12 (D.C. Cir. 2024)). This is because TRIA prevails over any conflicts with the civil forfeiture laws that would prevent TRIA judgment holders from collecting on their judgments. *See id.* at *8 ("Section 983 conflicts with the scope of the TRIA and purports to erect execution-related barriers to the Greenbaum Claimants' ability to satisfy their judgments."). Notably, the court addressed—and rejected—each of the authorities the Government relies upon in this case, distinguishing *Fifty-Three Virtual Currency Accounts*, *Holy Land Foundation*, and *BCCI Holdings* on grounds directly applicable here. *Id.* at *5, *9 & n.6.

For the same reasons, *Achilleas* supports denying the Government's motion to strike the Iranian Terrorism Victims' verified claims.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Aryeh S. Portnoy*
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Michael Williams, D.C. Bar No. 90006255

CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500

Joshua S. Sohn, D.D.C. Bar No. NY0743

CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

*Attorneys for Claimants*