**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-v-<br><br>MOTOR TANKER *SKIPPER* BEARING INTERNATIONAL MARITIME NUMBER 9304667, AND THE OIL CARGO PREVIOUSLY LADEN THEREON,<br><br>Defendant. | Civ. A. No. 26-697 (CJN) |

**CLAIMANT WINDWARD SHIPMANAGEMENT CORP.'S SUPPLEMENTAL BRIEF REGARDING WHETHER 28 U.S.C. § 1355(b)(2)'S REFERENCE TO "A FOREIGN COUNTRY" INCLUDES THE HIGH SEAS**

Claimant Windward Shipmanagement Corp. ("Windward") respectfully submits this supplemental brief pursuant to the Court's October 5, 2026 Minute Order, which directed the parties to further address the issue of whether Section 1355(b)(2)'s reference to "a foreign country" includes the high seas. It does not. Section 1355(b)(2) therefore provides neither jurisdiction nor venue in this District. The Government's other cited jurisdictional statutes do not apply by their own terms. And the Government cites no other basis for venue.

## I. ARGUMENT

### A. 28 U.S.C. § 1355(b)(2) Does Not Include the High Seas

The Government's reliance on 28 U.S.C. § 1355(b)(2) to establish both jurisdiction and venue for this action is doubly misplaced. By its plain language, Section 1355(b)(2) does not apply to vessels seized on the high seas. The D.C. Circuit has held that § 1355(b)(2) confers jurisdiction over property "located in a foreign country." *United States v. All Funds in Acct. Nos. 747.034/278, 747.009/278 & 747.714/278 in Banco Español de Crédito, Spain*, 295 F.3d 23, 26–27 (D.C. Cir.

2002); *accord In re Contents of Account No. 03001288*, 344 F.3d 399, 404 (3d Cir. 2003). It did not address, and its holding does not reach, property seized by the United States on the high seas.[1] As the D.C. Circuit has since explained, Congress "altered th[e] traditional rule" requiring the presence of the *res* exclusively for "property located in a foreign country." *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 430 (D.C. Cir. 2022).

By its plain terms, Section 1355(b)(2) has no application here. The statute provides:

> Whenever property subject to forfeiture under the laws of the United States is located in a foreign country, or has been detained or seized pursuant to legal process or competent authority of a foreign government, an action or proceeding for forfeiture may be brought as provided in paragraph (1), or in the United States District court for the District of Columbia.

28 U.S.C. § 1355(b)(2). The *Skipper* meets neither prong, as it was seized on the high seas and is not alleged to be located in a foreign country. *See* Compl. ¶ 47; Dkt. 37 at 3 ("[T]he vessel is currently located outside U.S. territorial waters near Galveston . . . .").

Courts "presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* at 254 (quoting *Rubin* v. *United States*, 449 U.S. 424, 430 (1981)). Section 1355(b)(2) is unambiguous. The phrase "in a foreign country" plainly requires that property be ***in a particular country other than the United States***—that is, within a particular foreign country's territorial jurisdiction. A vessel on the high seas is not "in a foreign country"—it is not in any country.

Rather, by definition, the high seas are "***international*** waters not subject to the dominion of any single nation." *United States v. Louisiana*, 394 U.S. 11, 23 (1969) (emphasis added), *supp.*

[1] As discussed in Windward's briefs, the Government has not adequately alleged statelessness.

*decision*, 394 U.S. 836 (1969). *See also, e.g.*, *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 965 (4th Cir. 1999) ("[B]eyond the territorial waters lie the high seas, over which no nation can exercise sovereignty."); *United Nations Convention on the Law of the Sea*, Dec. 10, 1982, 21 I.L.M. 1245, 1286–87 arts. 87, 89 (providing that the high seas shall be open to all nations and that "[n]o State may validly purport to subject any part of the high seas to its sovereignty").

"When it desires to do so, Congress knows how to place the high seas within the jurisdictional reach of a statute." *Smith v. United States*, 507 U.S. 197, 204 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 440 (1989)); *see, e.g.*, 28 U.S.C. § 2461(b). It did not do so here. Unsurprisingly, the Government cannot cite a single case in which a court has held that Section 1355(b)(2) extends to property on the high seas. Nevertheless, in its Opposition to Windward's Motion to Dismiss, the Government contends that Congress ***must*** have intended for 28 U.S.C. § 1355(b)(2) to provide venue in this District for vessels seized on the high seas because otherwise venue for such actions would not be proper anywhere. Dkt. 37 at 4. That is incorrect. Congress supplied a specific path for high-seas forfeitures. That path impliedly excludes the shortcut the Government takes here.

### B. Section 1395(c) Sets Venue for Property Seized Outside Any Judicial District

There is, in fact, a statute that establishes a proper venue for forfeiture proceedings with respect to vessels seized on the high seas, and it makes plain that venue is not proper in this District. Under 28 U.S.C. § 1355(b)(1), "[a] forfeiture action . . . may be brought in—(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute." 28 U.S.C. § 1395(c), in turn, provides that "[a] civil proceeding for the forfeiture of property ***seized outside any judicial district*** may be prosecuted in ***any district into which the property is brought***" (emphases added). A vessel seized

on the high seas is "property seized outside any judicial district." *Id.*; *United States v. One 1974 Cessna Model 310R Aircraft, Serial No. 310R0203, FAA Registration No. N5083J*, 432 F. Supp. 364, 368 (D.S.C. 1977) (Section 1395(c) "properly applies procedures made outside the territorial limits of the United States, such as a seizure on the high seas"); *accord United States v. $633,021.67 in U.S. Currency*, 842 F. Supp. 528, 532 (N.D. Ga. 1993).

The Government has acknowledged that the vessel has not been brought into any judicial district, a choice that the Government made in pursuing this action. Remarkably, the Government does not claim the *Skipper* cannot be brought into a judicial district, but has chosen to maintain the *Skipper* in international waters. The Court should not reward this deliberate maneuver by countenancing an atextual assertion of venue in this District.[2]

**C. Neither Precedent Nor Congressional Purpose Supports Reading "Foreign Country" to Include the High Seas**

The text ends the inquiry. *Germain*, 503 U.S. at 254; *see Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002). The Government's appeal to an imagined congressional purpose, Dkt. 37 at 4, cannot change that: there is no basis to believe that Congress in passing § 1355(b) intended to displace common usage[3] or common sense—"no legislation pursues its purposes at all costs." *Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987) (per curiam). And the purpose argument fails on its own terms. Senator Alfonse D'Amato, who introduced the bill containing § 1355(b), explained that subsection (b)(2) addressed a specific problem concerning forfeiture by ***foreign governments***—a concern that does not apply to forfeitures on the high seas:

---

[2] The Government cannot cure this defect by invoking 28 U.S.C. § 1355(d). That provision permits process only for a court with "jurisdiction over [the] forfeiture action pursuant to subsection (b)." 28 U.S.C. § 1355(d). Because § 1355(b) does not confer jurisdiction over a vessel seized on the high seas and kept outside any judicial district, § 1355(d) does not apply.

[3] Homeland Security, whose components include the agencies that verified the Complaint, recognizes the customary international-law distinction between "high seas" and foreign territory.

> Subsection (b)(2) addresses a problem that arises whenever property subject to forfeiture . . . *is located in a foreign country*. . . .
>
> Subsection (b)(2) resolves this problem by providing for jurisdiction over such property in the United States District Court for the District of Columbia, in the district court for the district in which any of the acts giving rise to the forfeiture occurred, or in any other district where venue would be appropriate under a venue-for-forfeiture statute.

137 Cong. Rec. 21,995, 21,998 (1991) (emphasis added).

The text and presumed Congressional sentiment concern cooperation with foreign governments. The high seas are "international waters not subject to the dominion of any single nation," *Louisiana*, 394 U.S. at 23, and lack any central authority for purposes of transmitting a diplomatic request for seizure or arrest of a vessel or cooperating with the seizure or forfeiture of a vessel. Other federal authority and public statements by federal agencies support this conclusion, and the balancing of sovereign interests against well-established international law regarding the high seas would be unnecessarily disturbed by the Government's convenient, but short-sighted, proposed reading of § 1355(b).[4]

The Ninth Circuit's recent decision in *United States v. Nasri*, No. 22-55685, 2026 WL 2591865 (9th Cir. Sept. 2, 2026), rests on the same premise. There, the Ninth Circuit held that due

---

*See* 33 C.F.R. § 2.32(d) ("Under customary international law . . . and unless the context clearly requires otherwise . . . , high seas means all waters that are not the exclusive economic zone, territorial sea, or internal waters of the United States ***or any other nation***." (emphasis added) (citations omitted)).

[4] *See, e.g.*, 16 U.S.C. § 5502(3) ("'[H]igh seas' means the waters beyond the territorial sea or exclusive economic zone . . . of *any nation* . . . ." (emphasis added)); 26 C.F.R. § 1.911-2(h) ("[F]oreign country" includes territory "*under the sovereignty of a government other than that of the United States*" and includes the foreign country's "*territorial waters*" (emphasis added)); *see also Plaisance v. United States*, 433 F. Supp. 936, 936 (E.D. La. 1977) (holding that waters beyond England's territorial limit were not within a foreign country under 26 U.S.C. § 911); *Clark v. Comm'r*, 95 T.C.M. (CCH) 1265, 2008 WL 731244, at *3 (T.C. 2008) ("international waters are not a 'foreign country'").

process bars the exercise of jurisdiction under Section 1355 unless the district court has control or constructive control of the *res*. Whatever the merits are of that constitutional holding, which *Banco Español* expressly reserved, the court's reasoning proceeded from the plain language that property "in a foreign country" was in fact ***in the territorial jurisdiction of another country***, not on the high seas. "[C]onstructive control exists if ***the foreign government*** 'act[s] essentially as an agent of the United States for purposes of th[e] forfeiture action.'" *Id.* at *11 (emphasis added) (quoting *United States v. All Funds on Deposit in Any Accts. Maintained in the Names of Meza or De Castro*, 63 F.3d 148, 154 (2d Cir. 1995)). On the high seas, there is no foreign government to act as that agent.

### D. The Government's Other Asserted Bases for Jurisdiction Do Not Apply

The Government also seeks to establish jurisdiction over the *Skipper* by citing to 14 U.S.C. § 522(a) and 28 U.S.C. §§ 1333, 1345, and 2461(b). Compl. ¶¶ 3, 5. None supplies jurisdiction or venue; the Government's sole basis for venue is § 1355(b)(2), *id.* ¶ 4.

Section 1345 grants jurisdiction over suits by the United States "[e]xcept as otherwise provided by Act of Congress." But Congress *has* "otherwise provided" for forfeiture actions involving property abroad or seized by a foreign government. Section 1355(b)(2) specifies when such an action may proceed here, and Section 1355(d) limits process to a court "with jurisdiction over a forfeiture action pursuant to subsection (b)." *See United States v. Raffensperger*, 2026 WL 184233, at *1–2 (M.D. Ga. Jan. 23, 2026) (a "specific grant or limitation of jurisdiction takes precedence over a statute with a general grant" (citation omitted)). Congress's intention is plain from the text.[5]

[5] Courts "will not infer [§ 1345's] displacement unless Congress has made its intention plain." *United States v. District of Columbia*, 669 F.2d 738, 741 (D.C. Cir. 1981). Congress did so here. Unlike *District of Columbia*, where the court found "[n]o clear indication of a congressional design to exclude th[e] case" and noted that "no provision . . . embrac[ed] the claim," *id.* at 741–42,

Nor could Section 1345 supply what Section 1355(b) withholds. Even if § 1345 supplies jurisdiction over some suits brought by the United States, it "do[es] not speak to the jurisdiction of a particular district court over the actual property." *$633,021.67*, 842 F. Supp. at 531; *see also United States v. $299,218.48 in U.S. Currency*, 742 F. Supp. 3d 1, 6 (D.D.C. 2024) ("28 U.S.C. § 1355(b) confers *in rem* jurisdiction over the defendant property."). Were it otherwise, § 1345 would provide worldwide *in rem* jurisdiction whenever the United States sues, and §§ 1355(b)(2) and (d) would do no work. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) ("the specific governs the general"); *Raffensperger*, 2026 WL 184233, at *1–2 (applying that rule to § 1345).

Section 1333 reaches cases of "admiralty or maritime jurisdiction" and prize. A Section 981 vessel forfeiture not pleaded as an admiralty action "is not, and never was, an admiralty action." *United States v. M/Y Galactica Star*, 784 F. App'x 268, 275 (5th Cir. 2019); *see C.J. Hendry Co. v. Moore*, 318 U.S. 133, 153–54 (1943). The Government has not proceeded by libel in admiralty,[6] and its own litigation choice forecloses that path.[7] Were Section 2461(b) the only basis for jurisdiction, "traditional rules of *in rem* jurisdiction developed under admiralty law would apply." *Banco Español*, 295 F.3d at 26–27. Those rules require the *res* to be within the district. *See* Fed. Supp. R. C(2)(c) (complaint must "state that the property is within the district or will be

---

§ 1355(b)(2) specifically governs when a forfeiture action involving property located in a foreign country or seized by a foreign government may proceed in this Court, and § 1355(d) limits process to cases within the court's jurisdiction "pursuant to subsection (b)."

[6] *Compare* 28 U.S.C. § 2461(a) (authorizing civil actions to recover forfeitures) *with* 28 U.S.C. § 2461(b) (allowing forfeitures arising from high-seas seizures to be enforced by libel in admiralty).

[7] Whether a forfeiture proceeds in admiralty has significant consequences, including jury-trial rights and rights of claimants whom the Government might otherwise strike for lack of standing in a civil forfeiture action. *See* Fed. R. Civ. P. 9 advisory committee's note; Fed. R. Civ. P. 38(e).

within the district while the action is pending").[8] The *Skipper* is not. Finally, Section 522(a) authorizes the Coast Guard to board and seize vessels; it does not confer jurisdiction on this Court. *See United States v. Cortes*, 588 F.2d 106, 108–09 (5th Cir. 1979) (construing predecessor § 89(a)).

## II. CONCLUSION

For these reasons and those in Windward's briefs, Section 1355(b)(2)'s reference to "a foreign country" does not include the high seas. Thus, the Complaint should be dismissed for failure to plead jurisdiction or venue in this District, as well as on the additional grounds set forth in Windward's Motion to Dismiss.

Dated: October 19, 2026

Respectfully Submitted,

By: */s/ Michael J. Baratz*

Michael J. Baratz, D.C. Bar No. 480607
**Steptoe LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
mbaratz@steptoe.com

Andrew C. Adams, N.Y. Bar No. 4727293
**Steptoe LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900
acadams@steptoe.com
Admitted *pro hac vice*

*Attorneys for Claimant Windward Shipmanagement Corp.*

[8] If the Government now seeks to recast this case as an admiralty action, the applicable rules only expose the deficiencies resulting from the decision to keep the *Skipper* offshore rather than proceed on a legally supportable basis.